IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Janet Watson and** | : | |
| **William Watson, h/w,** | : | Jury Trial Demanded |
| 54 Upland Dr | : | |
| Havertown, PA 19083 | : | |
|     Plaintiffs | : | |
| | : | No. 10-06731-RB |
| v. | : | |
| | : | |
| **Haverford Township Police Department** | : | |
| 1010 Darby Road | : | |
| Havertown, PA 19083 | : | |
|     and | : | |
| | : | |
| **The Township of Haverford** | : | |
| 2325 Darby Road | : | |
| Havertown PA 19083 | : | |
|     and | : | |
| | : | |
| **Carmen D. Pettine** | : | |
| 1010 Darby Road | : | |
| Havertown, PA 19083 | : | |
|     and | : | |
| | : | |
| **Harvey Pike** | : | |
| 1010 Darby Road | : | |
| Havertown, PA 19083 | : | |
|     and | : | |
| | : | |
| **Steven Gill** | : | |
| 1010 Darby Road | : | |
| Havertown, PA 19083 | : | |
|     and | : | |
| | : | |
| **John Pili** | : | |
| 50 Upland Rd | : | |
| Havertown, PA 19083 | : | |
|     and | : | |
| | : | |
| **John Doe 1 through 3** | : | |
| 1010 Darby Road | : | |
| Havertown, PA 19083 | : | |
|     Defendants | : | |

# FIRST AMENDED COMPLAINT

1. This is a civil action seeking damages against Defendants, for committing acts under color of state law, which deprived Plaintiff of her rights secured under the Constitution and Laws of the United States of America and the Commonwealth of Pennsylvania; for conspiring for the purpose of impeding and hindering due course of justice; with the intent to deny Plaintiff's First, Fourth, Fifth, Eighth and Fourteenth Amendment rights and equal protection under the law; for refusing to prevent such deprivations and denials to Plaintiff; and for negligent acts committed against Plaintiffs.

## PARTIES

2. The Plaintiffs, Janet Watson and William Watson, husband and wife, are adult individuals residing at 54 Upland Rd, Havertown, Delaware County, Pennsylvania.

3. Defendant, the Haverford Township Police Department, is and at all times relevant hereto, was a municipal police department established by and through the Township of Haverford whose address for the purpose of service is 1010 Darby Road, Havertown, Pennsylvania 19083.

4. Defendant, The Township of Haverford is a Municipal Corporation organized and existing under the laws of the Commonwealth of Pennsylvania whose address for the purpose of service is 2325 Darby Road, Havertown, Pennsylvania 19083.

5. At all times material hereto pursuant to the Municipal Code of the Commonwealth of Pennsylvania, Defendant, The Township Haverford, was charged with the responsibility of creating, controlling and supervising Defendant, the Haverford

Township Police Department.

6. Defendant, Carmen D. Pettine, is an adult individual who, at all times material, was employed as the Chief of Police of the Haverford Township Police Department whose address for the purposes of service is 1010 Darby Road, Havertown, Pennsylvania 19083.

7. Defendant, Harvey Pike, is an adult individual who, at all times material herein, was employed as a Police Officer by and for the Defendant, The Township Haverford and the Defendant, Haverford Township Police Department. Officer Pike's address for the purpose of service is 1010 Darby Road, Havertown, Pennsylvania 19083.

8. Defendant, Steven Gill is an adult individual who, at all material times herein, was employed as a Police Officer by and for the Defendant, Township of Haverford and the Defendant Haverford Township Police Department. Officer Gill's address for the purpose of service is 1010 Darby Road, Havertown, Pennsylvania 19083.

9. Defendants, John Doe, Numbers 1 through 3, are all adult individuals who at all material times herein were employed as Police Officers by and for the Defendant, The Township of Haverford and the Defendant, Haverford Township Police Department. The Defendants, John Doe 1 through 3, were all assigned to shift work on November 17, 2008 and/or November 18, 2008. John Doe Numbers 1 through 3's address for the purpose of service is 1010 Darby Road, Havertown, Pennsylvania 19083.

10. Defendant, John Pili is an adult individual who resides at 50 Upland Rd, Havertown, PA 19083.

11. At all times material times hereto, the Defendants, the Township of Haverford and the Haverford Township Police Department, were responsible for

enforcing the laws and regulations of the Commonwealth of Pennsylvania and the Township of Haverford through its police officers and for ensuring that the said police officers obeyed the laws of the Commonwealth of Pennsylvania and the United States.

12. At all relevant times, the Defendants, The Township of Haverford Township and the Haverford Township Police Department, acted by and through their duly authorized agents, servants, workmen and/or employees acting within the course and scope of their employment and authority at the direction of the Defendant, the Township of Haverford and the Haverford Township Police Department.

13. At all times material hereto, Defendant Pettine was acting as an agent, servant, workman and/or employee of the co-Defendants, the Township of Haverford and the Haverford Township Police Department, within the course and scope of his employment and authority and at the direction of the Township of Haverford. As Chief of Police, Defendant Pettine also acted in a supervisory capacity with the Haverford Township Police Department.

14. At all times material hereto, Defendants Harvey Pike, Steven Gill, and Defendants John Doe Numbers 1 through 3 were acting as agents, servants, workmen and/or employees of the Co-Defendants, the Township of Haverford and the Haverford Township Police Department, within the course and scope of their employment and authority and at the direction of the Township of Haverford.

15. At all times material hereto, Defendant John Pili was employed by Co-Defendant, The Township of Haverford and was acting as an agent, servant, workman and/or employee of the co-Defendants, the Township of Haverford, within the course and scope of his employment and authority and at the direction of the Township of

Haverford.

16. In the Alternative, at all times material hereto Defendant, John Pili, was formerly employed by Co-Defendants, the Township of Haverford, and exercised apparent authority, cloaked under color of state law, to conspire with Co-Defendants, the Township of Haverford and the Haverford Township Police Department, Harvey Pike, Steven Gill, and Defendants John Doe Numbers 1 through 3, to harass Plaintiffs, resulting in the constitutional violations more fully set forth below.

## JURISDICTION AND VENUE

17. Plaintiffs hereby incorporate by reference all the allegations contained in paragraphs one (1) through sixteen (16), inclusive, as fully as though the same were set forth at length.

18. Jurisdiction in this case is based on the existence of a federal question. This action arises under the Constitution of the United States, Amendments One, Four, Five, Eight and Fourteen as well as 42 U.S.C. Sections 1983, 1985 and 1988 as is more fully set forth in the body of this complaint. Supplemental jurisdiction under 28 U.S.C.A. 1367 of the state law counts is also invoked. Venue is appropriate in this district, since all of the parties reside in the district, and all of the actions complained of occurred within the district.

## FACTUAL BACKGROUND

19. Plaintiffs hereby incorporate by reference all the allegations contained in

paragraphs one (1) through eighteen (18), inclusive, as fully as though set forth at length.

20. On November 17, 2008, Plaintiff Janet Watson was lawfully cleaning leaves from her property in Havertown, Pennsylvania.

21. Plaintiffs have a long-standing prior history with their neighbor, Defendant, John Pili, whereby Defendant engaged in a course of conduct by using his influence and position to form a conspiracy with the Township of Haverford and Haverford Township Police Department to harass Plaintiffs with official state action and physical threats, all of which culminated in the outrageous conduct more fully set forth below.

22. While Plaintiff, Janet Watson, was working in her yard, Defendant, John Pili, contacted Co-Defendants, The Township of Haverford and Haverford Township Police Department directing Co-Defendant, John Doe 1, to send police officers to the home of Plaintiff, Janet Watson for the purpose of harassing her.

23. At approximately 4:30 p.m. on November 17, 2008, a Haverford Township Police Officer, Defendant Harvey Pike, approached Plaintiff, Janet Watson, on her property.

24. Defendant Harvey Pike stated to Plaintiff, Janet Watson, "I guess you know I am here because of the problem you are having with your neighbor".

25. Plaintiff Janet Watson replied "perhaps you mean my neighbor is having a problem with me".

26. With that, Defendant, Harvey Pike, became aggressive and asked Plaintiff, Janet Watson, if she drives and to produce her Driver's License.

27. Plaintiff, Janet Watson, informed Defendant, Harvey Pike that she did

drive and several times inquired why he asked for her license.

28. Defendant, Harvey Pike, refused to explained, shouting "because I'm asking you for it", and again demanded Plaintiff, Janet Watson produce her driver's license.

29. In an attempt to comply, Plaintiff, Janet Watson, informed Defendant, Harvey Pike, that her license was in the house and that she would get it.

30. Plaintiff, Janet Watson, became fearful and alarmed by Defendant, Harvey Pike's, aggressive and unprofessional conduct.

31. While inside her home, Plaintiff, Janet Watson, dialed 911 and asked the operator for help because she was being harassed by a Haverford Township Police Officer.

32. As Plaintiff, Janet Watson, was speaking with the 911 operator Defendant, Harvey Pike, unlawfully entered Plaintiffs' home.

33. Defendant, Harvey Pike, did not have probable to place Plaintiff, Janet Watson, under arrest.

34. Defendant, Harvey Pike, did not have probable cause to enter Plaintiffs home.

35. Defendant, Harvey Pike, did not have an arrest warrant for Plaintiff, Janet Watson.

36. Defendant, Harvey Pike, did not have a search warrant for Plaintiffs' home.

37. Defendant, Harvey Pike, approached Plaintiff, Janet Watson, and forcefully ripped the phone from her hand.

38. Defendant, Harvey Pike, stated to Plaintiff, Janet Watson, and "I told you I would arrest you if you didn't give me your driver's license".

39. Defendant, Harvey Pike, began screaming and threw Plaintiff, Janet Watson, down to the kitchen table.

40. Defendant, Harvey Pike, forcefully began pulling bending and striking Plaintiff, Janet Watson's, arms and upper extremities.

41. Defendant, Harvey Pike, restrained Plaintiff, Janet Watson's, arms behind her back with handcuffs, cutting off circulation to her hands.

42. Plaintiff, Janet Watson's 85 year old mother was present in the kitchen while the attack was occurring.

43. Plaintiff's mother also asked Defendant, Harvey Pike, why he wanted her daughter's driver's license.

44. Defendant, Harvey Pike stated to Plaintiff's mother "shut up or I will arrest you too".

45. At some point during the commotion Defendant, Steven Gill, entered Plaintiff's home.

46. Plaintiff, Janet Watson, asked Defendants, Harvey Pike and Steven Gill, if she would be permitted to put on her shoes and coat.

47. Defendants, Harvey Pike and Steven Gill, refused her request.

48. Defendants, Harvey Pike and Steven Gill proceeded to drag Plaintiff, Janet Watson from her home to the police car.

49. Plaintiff, Janet Watson, became hysterical and emotionally distraught over the Defendants', Harvey Pike and Steven Gill, extreme and outrageous conduct.

50. Defendant, Harvey Pike, placed his mouth within inches of Plaintiff, Janet Watson's ear and began screaming at her to get in the police car.

51. Defendants, Harvey Pike and Steven Gill, forcefully pushed Plaintiff, Janet Watson, into the police car without her shoes and coat.

52. Plaintiff's neighbors were outside watching the events transpire.

53. Plaintiff, Janet Watson, was taken to Haverford Township Police Department and placed in a jail cell under the control of Defendants John Doe 2 and John Doe 3.

54. Plaintiff, Janet Watson, was chained to a bench.

55. Plaintiff, Janet Watson, was not permitted to call her attorney.

56. Plaintiff, Janet Watson, was not given anything for sustenance.

57. Plaintiff, Janet Watson, had to beg for toilet paper and endure the humiliation of going to the bathroom in an area visible to male officers.

58. Plaintiff, Janet Watson was not given medical attention for the injuries she sustained at the hands of Defendants, Harvey Pike and Steven Gill.

59. On November 17, 2008 at approximately 6:00 pm Plaintiff, William Watson, drove to the Haverford Township Police Department to bring his wife shoes and a coat.

60. Plaintiff, William Watson spoke with Defendant, John Doe 2, but he was not permitted to see his wife, Plaintiff, Janet Watson nor did Defendant John Doe 2 give the shoes and coat to Plaintiff, Janet Watson.

61. Plaintiff, William Watson, asked if his wife was permitted to make a phone call.

62. Defendant, John Doe 2 stated "that only happens in the movies".

63. On November 17, 2008 at approximately 10:00 pm Plaintiff, William Watson, returned to the Haverford Township Police Department hoping to speak with someone else.

64. Again, Plaintiff, William Watson was told by Defendant, John Doe 3, that he was not permitted to see his wife, Plaintiff, Janet Watson.

65. Plaintiff, Janet Watson, remained incarcerated until the following morning, November 18, 2008.

66. On November 18, 2008, Plaintiff, Janet Watson was brought before a local Magistrate in restraints.

67. The Magisterial District Judge Robert Burke arraigned Plaintiff, Janet Watson, on charges of Resisting Arrest, Obstructing Administration of Law or Other Government Functions and Disorderly Conduct.

68. Upon being arraigned, Plaintiff, Janet Watson, became ill and began to lose consciousness.

69. A Medic was dispatched to the District Court.

70. Plaintiff, Janet Watson, was transported by ambulance to the hospital where she was treated for the vicious attack and trauma she endured at the hands of all Defendants.

71. Plaintiff, Janet Watson suffered injuries to her back and arms that are a direct result of being forcibly shoved to the kitchen table, restrained, dragged and thrown into the police car by members of the Haverford Township Police Department, Defendants Harvey Pike and Steven Gill.

72. Plaintiff, Janet Watson, as a direct result of being forcibly shoved to the kitchen table, restrained, dragged and thrown into the police car by members of the Haverford Township Police Department, Defendants Harvey Pike and Steven Gill, also sustained other injuries to her upper and lower extremities as well as severe emotional damages, humiliation, embarrassment and damage to her reputation.

73. Prior to her Preliminary Hearing, the Commonwealth of Pennsylvania withdrew the criminal charges against Plaintiff, Janet Watson.

74. As a result of the conduct of all Defendants, there is now a public record of arrest for the Plaintiff, Janet Watson.

COUNT I – CIVIL RIGHTS

PLAINTIFF, JANET WATSON
VS.
ALL DEFENDANTS

75. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs one (1) through thirty (74), inclusive, as fully as though set forth at length.

76. At all relevant times, Plaintiff Janet Watson, possessed a liberty interest in her bodily integrity which was, and is, protected by the First, Fourth, Fifth, Eighth and Fourteenth Amendment to the Constitution of the United States.

77. Defendants, the Township of Haverford, the Haverford Township Police Department and the individual Defendant police officers of Haverford Township Police Department, without any just cause or provocation, and under color of state law, trespassed, viciously attacked, assaulted and battered, unreasonably and illegally seized the Plaintiff, Janet Watson, and caused her to become the victim of a false arrest,

terroristic threats, malicious abuse of process and malicious prosecution.

78. The summary punishment administered by Defendants, constituted cruel and unusual punishment and deprived the Plaintiff, Janet Watson, of her right to due process of law and other rights and privileges guaranteed to the Plaintiff as a citizen of the United States including those rights and privileges provided by the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. Sections 1983, 1985 and 1988.

79. At all relevant times, Defendants, the Township of Haverford, the Haverford Township Police Department and the individual Police Officers acted with malice, willful disregard and/or reckless indifference to the safety of individuals by permitting a custom, practice and procedure to exist in which the Haverford Township Police officers act to disregard the individual's personal and Constitutional liberty interests rather than providing orderly and appropriate police interaction.

80. Defendants, Haverford Township Police Department, the Township of Haverford, and Chief Pettine are directly liable and responsible for the acts, and/or omissions of their employees, the individual officers, because they failed to adequately train, supervise, discipline or in any other way control the said Officers in the exercise of police functions.

81. Defendants, Haverford Township Police Department, The Township of Haverford, and Chief Pettine are also responsible under the doctrine of respondent superior for the acts and omissions of their agents, servants, workmen and/or employees.

82. As a direct and proximate result of all of the above, including all of the actions and/or omissions of the Defendants herein, Plaintiff, Janet Watson, has suffered

and will continue to suffer for an indefinite period of time in the future, the following damages:

      a.      loss of income and earning capacity;

      b.      medical expenses in an effort to treat and cure herself of her injuries;

      c.      humiliation and damage to reputation;

      d.      great mental anguish and physical pain;

      e.      prevention from performing her usual duties, occupations, and enjoyment of life's pleasures;

      f.      legal fees and costs to bring this action;

      g.      punitive damages; and

      h.      such other damages as allowed by law.

83. The actions of the Defendants under the color of state law, as more fully described hereinabove, deprived Plaintiff Janet Watson of her liberty interest in her bodily integrity in violation of 42 U.S.C. Sections 1983, 1985 and 1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff and against the Defendants in an amount in excess of One Million Dollars ($1,000,000.00) plus attorney's fees and costs.

## COUNT II – ASSAULT AND BATTERY

## PLAINTIFF, JANET WATSON
## VS.
## DEFENDANTS HARVEY PIKE AND STEVEN GILL

84. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs one (1) through eighty-three (83), inclusive, as fully as though set forth at length.

85. The aforementioned attacks and offensive physical contact of Defendants, Harvey Pike and Steven Gill was intentional, reckless and done with malice and wanton disregard for Plaintiff, Janet Watson's rights and well being.

86. The conduct of Defendants, Harvey Pike and Steven Gill, was done without the consent of the Plaintiff, Janet Watson.

87. The conduct of Defendants, Harvey Pike and Steven Gill, has caused the Plaintiff, Janet Watson to suffer aforementioned injuries, damages and emotional distress.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff and against the Defendants in an amount in excess of One Million Dollars ($1,000,000.00) plus attorney's fees and costs.

## COUNT III – FALSE IMPRISONMENT AND ARREST

## PLAINTIFF, JANET WATSON
## VS.
## DEFENDANTS HARVEY PIKE, STEVEN GILL AND JOHN DOE 2 AND 3

88. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs one (1) through eighty-seven (87), inclusive, as fully as though set forth at length.

89. Defendants, Harvey Pike, Steven Gill, John Doe 2, and John Doe 3 intentionally and without legal justification unreasonably restrained, arrested, detained, imprisoned and confined Plaintiff, Janet Watson against her free will.

90. The conduct of Defendants, Harvey Pike, Steven Gill, John Doe 2, and John Doe 3, has caused the Plaintiff, Janet Watson to be wrongfully incarcerated, suffer aforementioned injuries, damages and emotional distress.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff and against the Defendants in an amount in excess of One Million Dollars ($1,000,000.00) plus attorney's fees and costs.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### PLAINTIFF, JANET WATSON
### VS.
### DEFENDANTS HARVEY PIKE, STEVEN GILL AND JOHN DOE 2 AND 3 AND JOHN PILI

91. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs one (1) through ninety (90), inclusive, as fully as though set forth at length.

92. Defendants, Harvey Pike, Steven Gill, John Doe 2, John Doe 3, and John Pili, formed an agreement to harass Plaintiff and willfully carried out that agreement by acting in an extreme and outrageous manner toward Plaintiff, Janet Watson.

93. The extreme and outrageous conduct of Defendants, Harvey Pike, Steven Gill, John Doe 2, John Doe 3, and John Pili was intentional, malicious and reckless.

94. The conduct of Defendants, Harvey Pike, Steven Gill, John Doe 2, John Doe 3, and John Pili, has caused the Plaintiff, Janet Watson to suffer severe emotional distress, anxiety, fatigue as well as other aforementioned sufferings and damages.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff and against the Defendants in an amount in excess of One Million Dollars ($1,000,000.00) plus attorney's fees and costs.

## COUNT V – NEGLIGENCE

## PLAINTIFF, JANET WATSON
## VS.
## DEFENDANTS HARVEY PIKE, STEVEN GILL AND JOHN DOE 1 THROUGH 3

95. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs one (1) through ninety-four (94), inclusive, as fully as though set forth at length.

96. The aforementioned attacks and offensive physical contact of Defendants, Harvey Pike and Steven Gill caused Plaintiff, Janet Watson to suffer physical injuries.

97. Defendants, Harvey Pike, Steven Gill, John Doe 2, and John Doe 3 had a duty to provide the Plaintiff, Janet Watson medical care for her injuries.

98. Defendants, Harvey Pike, Steven Gill, John Doe 2, and John Doe 3 had the ability to provide the Plaintiff, Janet Watson medical care for her injuries.

99. Defendants, Harvey Pike, Steven Gill, John Doe 2, and John Doe 3 failed

provide the Plaintiff, Janet Watson medical care for her injuries.

100. The conduct of Defendants, Harvey Pike, Steven Gill, John Doe 2, and John Doe 3, has caused the Plaintiff, Janet Watson to suffer inhumane treatment, aggravated physical injuries, other aforementioned damages and emotional distress.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff and against the Defendants in an amount in excess of One Million Dollars ($1,000,000.00) plus attorney's fees and costs.

## COUNT VI

## PLAINTIFF, WILLIAM WATSON
## VS.
## ALL DEFENDANTS

101. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs one (1) through one hundred (100), inclusive, as fully as though set forth at length.

102. As a result of the acts and/or omissions of the Defendants (including, but not limited to, assault, battery, false arrest, terroristic threats, malicious abuse of process, intentional infliction of emotional distress and malicious prosecution) which caused the injuries sustained by his wife, Plaintiff, William Watson, has been, and will be, deprived of the assistance, companionship, consortium and society of his wife, all of which have been and will be to his great damage and loss.

WHEREFORE, it is respectfully requested that judgment be entered in favor of

the Plaintiff and against the Defendants in an amount in excess of One Million Dollars ($1,000,000.00) plus attorney's fees and costs.

Respectfully submitted,

/s/KMS8497
KENNETH MARK SEXTON, ESQUIRE
Attorney I. D. No. 205220
Attorney for Plaintiffs
Law Office of Kenneth Mark Sexton
323 W. Front Street
Media, PA 19063
610-565-4400