IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET WATSON AND WILLIAM WATSON | :NO:  10-06731-RB : |
| v. | : |
| HAVERFORD TOWNSHIP POLICE DEPARTMENT, THE TOWNSHIP OF HAVERFORD, CARMEN D. PERTINE HARVEY PIKE, STEVEN GILL AND JOHN PILI | : : : : |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT OF DEFENDANT JOHN PILI**

**I.     FACTS**

Plaintiffs Janet and William Watson ("Plaintiffs") initiated the instant action by filing a Complaint in this Court against, *inter alia*, Defendant John Pili.  Mr. Pili filed a Motion to Dismiss that Complaint, pursuant to Fed.R.Civ.P. 12(b)(6) on December 21, 2010.  In response to Mr. Pili's Motion, Plaintiffs filed an Amended Complaint on January 10, 2011.  (*See* Amended Complaint, Document No. 7).  The original Complaint and the Amended Complaint concern the arrest of Plaintiff Janet Watson by members of the Haverford Township Police Department on November 17, 2008.  The claims brought against Mr. Pili in both the Complaint and Amended Complaint include: a violation of civil rights pursuant to 42 U.S.C. §1983 and §1985 (Count I); Intentional Infliction of Emotional Distress (Count IV) and Loss of Consortium (Count VI).

Mr. Pili, who resides at 50 Upland Drive, Havertown, PA, is a next-door neighbor of the Plaintiffs, who reside at 54 Upland Drive.  In the Amended Complaint, Mr. Pili is described alternately as either being "employed by Co-Defendant, The Township of Haverford and … acting as an agent, servant, workman and/or employee of the Co-

Defendants," or having been "formerly employed by Co-Defendants, the Township of Haverford, and …[acting] in his individual capacity to influence and form an agreement with Co-Defendants…" (*See* Amended Complaint, Paras. 15, 16).  It is clear from the allegations in the Complaint that Mr. Pili is not one of the officers who arrested Plaintiff Janet Watson.  Plaintiffs claim that they have a long-standing prior history with Mr. Pili, and allege that he formed a conspiracy with the Township of Haverford to somehow harass them with official action (not specified) and physical threats (again not specified). (*See* Amended Complaint, Para. 21).  However, the only action alleged to have been done by Mr. Pili is that while Janet Watson was working in her yard on November 17, 2008, Mr. Pili supposedly called the police to come and harass her. (*See* Amended Complaint, Para. 22).

II.  **ARGUMENT**

   A.  **STANDARD FOR MOTION TO DISMISS UNDER FED. R.C.P. 12(b)(6).**

Fed. R.C.P. 12(b)(6) provides a method to seek the dismissal of a Complaint "for failure of a pleading to state a claim upon which relief can be granted."  The purpose of a Motion to Dismiss is to test the legal sufficiency of a Complaint.  *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987).  In determining whether to grant a Motion to Dismiss, the Court must accept "as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them."  *Unger v. National Residence Matching Program*, 928 F.2d 1392, 1394-95 (3d Cir. 1991).

Although a §1983 Complaint is not held to a heightened pleading standard, to withstand a motion to dismiss it must still satisfy the requirement set forth in Fed.R.Civ.P. 8(a):  "a short and plain statement of the claim that will give the Defendant

fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 168 (1993); *Frederick v. Southeastern Pennsylvania Transportation Authority*, 892 F. Supp. 122, 125 (E.D. Pa. 1995).  A §1983 Complaint should therefore state facts such as the time and place of the deprivation and the persons responsible, so as to show the elements of the cause of action and to provide Defendants with adequate notice of the claims made so they can frame an answer. *Id.*

While the Court will accept well-pleaded allegations as true for the purposes of the Motion, it will not accept legal or unsupported conclusions, unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations. *See Meyer v. DeKalb County Georgia*, 433 U.S. 25, 27 n.2 (1977).

### B. PLAINTIFFS FAILED TO ALLEGE FACTS WHICH ESTABLISH A VIOLATION OF THEIR CIVIL RIGHTS BY MR. PILI

A Plaintiff in a §1983 action must show that individuals or entities, acting under the color of state law, deprived him of a Constitutional right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).  While a private person ordinarily has no liability under §1983, he may be deemed to be acting under color of state law if jointly engaged with a State official in the deprivation of someone's civil rights. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).  This theory requires a showing of conspiratorial or other concerted action between the state actor and the private party. *NCAA v. Tarkanian*, 488 U.S. 179 (1988). However, a private action "is not converted into one under color of state law merely by some tenuous connection to state action." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).  The private actor will only be subject to liability under §1983 if

he or she played a significant role in the alleged constitutional deprivation. *Fullman v. Philadelphia International Airport*, 49 F.Supp.2d 434, 444 (E.D. Pa. 1999).

Simply calling the police or other government agents and inducing a public official to act does not constitute joint action. *Radich v. Goode*, 886 F.2d 1391(3d Cir. 1989). In *Goode*, the Court, held that a police officer's arrest of anti-abortion protesters for trespassing on private property -- done as a result of receiving a telephone call requesting that the police intervene by a private property owner - - did not evidence state action by the private party. *Id*. at 1398-99. Other Circuit courts have uniformly recognized that a private party does not conspire or jointly act with a state actor simply by complaining to the police. *D'Agostino v. New York Liquor Authority*, 913 F. Supp. 757, 770 (W.D.N.Y. 1996), aff'd., 104 F. 3d 351 (2d Cir. 1997). *See also Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268 (2d Cir. 1999); *King v. Massarweh*, 782 F.2d 825 (9th Cir 1986)(the fact that a private landlord called police who made the arrest did not make the landlord a participant in the arrest, since the landlord exercised no control over the officers' decision to search or arrest); *Moore v. Market Place Rest, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985) (even "providing false information to an arresting officer is not, by itself, sufficient to state a claim against that private party under §1983").

The Amended Complaint alleges that:

> 22. While Plaintiff, Janet Watson, was working in her yard, Defendant, John Pili, contacted Co-Defendants, The Township of Haverford and Haverford Township Police Department, directing Co-Defendant, John Doe 1, to send police officers to the home of Plaintiff, Janet Watson for the purpose of harassing her.

Amended Complaint, Para. 22.

Clearly such claims, standing alone, do not establish that Mr. Pili was acting in concert with the police, for if it did, "a private party would be considered a state actor responsible for subsequent, independent actions of a police officer whenever it legitimately calls for official assistance or protection." *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 271. Even if Mr. Pili was an employee of Haverford Township, as Plaintiffs allege in the alternative, his actions of merely calling the police, without more, do not rise to the level of a constitutional violation.

The allegations in Plaintiffs' Amended Complaint do not establish a meeting of the minds or any plot or plan to deny Plaintiff Janet Watson her constitutional rights; therefore, Count I of the Amended Complaint should be dismissed as against Mr. Pili.

**C.  PLAINTIFFS FAIL TO SET FORTH CONDUCT BY MR. PILI WHICH SUPPORTS A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

The Pennsylvania Supreme Court has not yet recognized the existence of a cause of action for Intentional Infliction of Emotional Distress. *See Reedy v. Evanson*, 615 F.3d 197, 231 (3rd Cir. 2010). However, in *Hoy v. Angelone*, 720 A.2d 745, 753-54 (Pa. 1998), the Pennsylvania Supreme Court commented that the Superior Court had only allowed recovery for this tort in cases involving "conduct which is extreme or clearly outrageous." In fact, the Superior Court explained that:

> The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."

*Buczek v. First National Bank of Mifflintown*, 531 A.2d 1122, 1125 (Pa. Super. 1987).

In *Hoy*, the Supreme Court gave some examples of cases where the conduct had been found to meet this standard: *See Papieves v. Lawrence*, 263 A.2d 118 (Pa. 1970)

(Defendant struck and killed Plaintiff's son with automobile, failed to seek medical assistance and then buried his body in a field where it was found two months later); *Banyas v. Lower Bucks Hospital*, 437 A.2d 1236 (Pa. Super. 1981) (Defendants purposely falsified records to make it look as though Plaintiff had killed someone, resulting in Plaintiff being indicted for homicide); *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3rd Cir. 1979) (team physician released information that Plaintiff was suffering from a fatal illness when physician knew the information was false).

In the present case, the only conduct being alleged by Mr. Pili is calling the police about his neighbor. This clearly does not rise to the level of extreme or outrageous conduct contemplated by the Pennsylvania courts to support a claim for the tort of Intentional Infliction of Emotional Distress. Count IV of Plaintiffs' Amended Complaint must therefore be dismissed as to Mr. Pili.

**D.    THE CLAIM OF PLAINTIFF WILLIAM WATSON MUST BE DISMISSED AS TO MR. PILI**

In Count VI of the Amended Complaint, Plaintiff William Watson claims to have been deprived of the assistance, companionship, consortium and society of his wife as the result of the alleged acts of the defendants which caused her injury. (*See* Amended Complaint, Para. 102). As has been argued above, the Amended Complaint does not set forth any act on the part of Mr. Pili which could have caused injury to Plaintiff Janet Watson. Plaintiff's loss of consortium claim therefore cannot be sustained. *See Pahle v. Colebrookdale Township*, 227 F.Supp.2d 361, 380 (E.D. Pa. 2002) (if husband is unable to show that he was injured as the result of the conduct of the defendant in a way that impacted his ability to provide support to his spouse, the wife's loss of consortium claim will fail).

## III.     CONCLUSION

For the above-stated reasons, Defendant John Pili respectfully requests that this Court dismiss Plaintiffs' Amended Complaint against him, with prejudice.

                                                  WILLIAM J. FERREN & ASSOCIATES

                                                  BY:     /s/Paola Tripodi Kaczynski, Esquire
                                                              Attorney for Defendant, John Pili
                                                              1500 Market Street - Suite 2920
                                                              Philadelphia, PA  19102
                                                              267-675-3009

Date:  January 13, 2011